|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

### CIVIL MINUTES -- GENERAL

| Case No. | **CV 23-4606-JFW(PVCx)** | Date: June 16, 2023 |
|---|---|---|
| Title: | LA Park La Brea B, LLC -v- Marco Smith, et al. | |

**PRESENT:**

      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT**

On January 18, 2023, Plaintiff LA Park La Brea B, LLC ("Plaintiff") filed a Complaint for Unlawful Detainer against Defendants Marco Smith and Braylon Nance (collectively, "Defendants") in Los Angeles Superior Court. On June 12, 2023, Defendant Marco Smith ("Defendant Smith") filed a Notice of Removal.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Defendant Smith bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Defendant Smith fails to meet his burden of demonstrating that removal is proper. Plaintiff's Complaint alleges one claim for unlawful detainer under state law. "An unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction." *Cooper v. Washington Mut. Bank*, 2003 WL 1563999, *2 (N.D. Cal. Mar. 19,

2003) (internal citation omitted).  Accordingly, there is no federal question jurisdiction presented by Plaintiff's action.  Moreover, it is clear from the face of the Complaint that no diversity jurisdiction exists under 28 U.S.C. §1332.  The amount demanded on the face of the Complaint is alleged not to exceed $25,000 – well below the statutory threshold of $75,000.00.  The Complaint specifically asserts a claim for $6,062.96 plus damages accruing at a rate of $110.27 per day and reasonable attorney fees.  Defendant Smith has not alleged, and cannot plausibly allege, that these damages exceed $75,000.

For the foregoing reasons, this Court lacks subject matter jurisdiction over this action.  Accordingly, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.